1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  RICKEY DONNELL BOYD, | CASE NO. 1:07-cv-01510-AWI-SMS PC |
| 10                      Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY |
| 11       v. | COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT ROBLES |
| 12  CORRECTIONAL OFFICER A. ROBLES, et al., | (Doc. 1) |
| 13 | |
| 14                      Defendants.                              / | RESPONSE DUE WITHIN THIRTY DAYS |

15

### Screening Order

16

**I.      Screening Requirement**

17

18        Plaintiff Rickey Donnell Boyd ("plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October

19

20   17, 2007.

21        The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2    exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3    506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4    plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

5    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6    grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

7    standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

8    n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9    of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

10   (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.      Plaintiff's Eighth Amendment Claims**

12       The event at issue in this action allegedly occurred at Kern Valley State Prison in Delano,

13   where Plaintiff was housed at the time.  Plaintiff alleges a violation of the Eighth Amendment of the

14   United States Constitution stemming from an incident in which he was shot in the leg without

15   provocation by Defendant Robles.

16       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

17   Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v.

18   McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .

19   . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks

20   and citations omitted).  The malicious and sadistic use of force to cause harm always violates

21   contemporary standards of decency, regardless of whether or not significant injury is evident.  Id.

22   at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

23   standard examines de minimis uses of force, not de minimis injuries)).  However, not "every

24   malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth

25   Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

26   recognition de minimis uses of physical force, provided that the use of force is not of a sort

27   repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations

28   omitted).

2

1    The allegation that Plaintiff was shot and injured is sufficient to state a claim under section

2    1983 against Defendant Robles.  Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200

3    (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

4    Plaintiff alleges only that Defendant Smith was on duty as Defendant Robles' immediate

5    supervisor and Defendant Cabrera was on duty as the watch commander.  "[T]here is no pure

6    *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the

7    constitutional violations of subordinates 'if the supervisor participated in or directed the violations,

8    or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988

9    (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Plaintiff may not

10    proceed in this action against Defendants Smith and Cabrera merely because they were the

11    supervisors on duty at the time of the incident.

12   **III.    Conclusion and Order**

13    Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Robles,

14    but fails to state a claim against Defendants Smith and Cabrera.  The Court will provide Plaintiff

15    with the opportunity to file an amended complaint curing the deficiencies identified by the Court in

16    this order.

17    If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

18    against Defendant Robles, Plaintiff may so notify the Court in writing, and the Court will issue a

19    Findings and Recommendations recommending that Defendants Smith and Cabrera be dismissed

20    from this action, and will forward Plaintiff one summons and one USM-285 form for completion

21    and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate

22    service of process.

23    If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions

24    complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

25    F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named

26    defendant is involved.  There can be no liability unless there is some affirmative link or connection

27    between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976);

28    ///

1   May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

2   1978).

3          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

4   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

5   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

6   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

7   complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

8   to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

9   1474.

10         Based on the foregoing, it is HEREBY ORDERED that:

11         1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

12         2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

13                a.     File an amended complaint curing the deficiencies identified by the Court in

14                       this order, or

15                b.     Notify the Court in writing that he does not wish to file an amended

16                       complaint and wishes to proceed only against Defendant Robles on his Eighth

17                       Amendment claim; and

18         3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to

19                obey a court order.

20

21   IT IS SO ORDERED.

22   **Dated:    May 23, 2008**                        **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

4