# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY DONNELL BOYD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONAL OFFICER<br>A. ROBLES, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-01510-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED AGAINST DEFENDANT ROBLES, AND DEFENDANTS SMITH AND CABRERA BE DISMISSED<br><br>(Doc. 1) |

**Findings and Recommendation Following Screening of Complaint**

**I.　Procedural History**

　　Plaintiff Rickey Donnell Boyd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 17, 2007. On May 27, 2008, the Court screened Plaintiff's complaint and ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only against Defendant Robles on his excessive force claim. On June 5, 2008, Plaintiff filed a notice informing the Court that he does not wish to amend and is willing to proceed only against Defendant Robles. Based on Plaintiff's notice, this Findings and Recommendations now issues.

**II.　Screening Requirement**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### III.    Plaintiff's Eighth Amendment Claims

The event at issue in this action allegedly occurred at Kern Valley State Prison in Delano, where Plaintiff was housed at the time.  Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution stemming from an incident in which he was shot in the leg without provocation by Defendant Robles.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every

malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

The allegation that Plaintiff was shot and injured is sufficient to state a claim under section 1983 against Defendant Robles. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

Plaintiff alleges only that Defendant Smith was on duty as Defendant Robles' immediate supervisor and Defendant Cabrera was on duty as the watch commander. "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Plaintiff may not proceed in this action against Defendants Smith and Cabrera merely because they were the supervisors on duty at the time of the incident.

**IV.   Conclusion and Recommendation**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Robles, but fails to state a claim against Defendants Smith and Cabrera. The Court directed Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only against Defendant Robles. On June 5, 2008, Plaintiff filed a notice of his willingness to proceed only against Defendant Robles.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed October 17, 2007, against Defendant Robles for use of excessive force, in violation of the Eighth Amendment; and

2. Defendants Smith and Cabrera be dismissed for failure to state a claim upon which relief may be granted against them.

1  These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, plaintiff may file written
4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10 **Dated:    June 10, 2008**                    /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE