IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| Rickey Donnell Boyd, | ) | No. CV 07-1510-TUC-RCC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C/O A. Robles | ) | |
| Defendant. | ) | |

Pending before this Court is Defendant's Motion to Dismiss. On July 7, 2009 and September 30, 2009, this Court issued orders directing plaintiff to personally attend his deposition in Sacramento. Plaintiff was required to appear for his deposition by November 16, 2009. Per the parties' stipulation filed November 12, 2009, this Court extended the deposition deadline to November 30, 2009. Plaintiff failed to appear for his deposition by this deadline. Defendant then filed the present motion.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."

Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 17, 2007. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

1 | 779 F.2d at 1424.  The court's July 7, 2009 order directing plaintiff to appear for his
2 | deposition expressly stated: "Plaintiff is reminded that he is required to attend his
3 | deposition and failure to do so may result in the dismissal of his case." Thus, plaintiff had
4 | adequate warning that dismissal would result from his noncompliance with the court's
5 | order.

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Dismiss (Docket No. 51) is **granted**.

**IT IS FURTHER ORDERED:** the Clerk of the Court is hereby directed to enter judgment in favor of Correctional Officer A. Robles, the matter is dismissed with prejudice, and the Clerk shall CLOSE this case.

DATED this 9th day of February, 2010.

_____
Raner C. Collins
United States District Judge